UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Case No.: 07-56680

SCHAKERRA ANNE PRIDE,  Chapter 13

        Debtor.  Honorable Walter Shapero
_____/

**OPINION ON PROCEDURAL ISSUE**

This is an opinion on a procedural issue in this Chapter 13 case that is identical to the same issue in two other unrelated cases. The undisputed fact patterns relevant to disposition of the issue are the same. In each case: (1) there are multiple mortgages on each of the Debtors' residences; (2) the mortgage at issue in each case is either a second or third mortgage; (3) the value of the property which is covered by the mortgage at issue is less than the amounts due on the mortgage(s) which are senior to mortgages at issue i.e.: there is no equity in the collateral which could be applied to the junior mortgages at issue; (4) the Debtors' Chapter 13 plans, in respect to the mortgages at issue, state in reference to the treatment by the plans of the mortgage at issue: "Crammed down - because there is insufficient equity in Debtor's real property to secure any of this mortgage, this claim shall be treated as a Class 8 general unsecured claim that is discharged upon completion of the plan," or similar verbiage; (5) the plans were duly served on all creditors; (6) none of the mortgagees of the mortgages at issue filed any procedural or substantive objections to the plans in respect to their indicated treatment.

At the confirmation hearings the Chapter 13 Trustee raised a procedural issue to the effect that the provided for cramming down or stripping of the lien was more properly the subject of an

1

adversary proceeding than one presented as a contested matter incident to confirmation of a plan, and specifically arising out of a mortgagees objection to confirmation of a plan with such a provision. As noted in these cases, no mortgagee filed such an objection. Arguably that might or should be seen as the end of the matter. However, since it is a possible recurring procedural issue, the Court feels it appropriate to decide it, albeit in a fairly summary manner.

Then Judge Spector of this Court opined on this question in *In re Hoskins*, 262 B.R. 693 (Bankr. E.D. Mich 2001), concluding that an adversary proceeding is not required. Other courts have followed that lead. *See, In re Sadala*, 294 B.R. 180 (Bankr. M.D. Fla 2003); *In re Millspaugh*, 302 B.R. 90 (Bankr. D. Idaho 2003). This Court believes the reasoning in those cases is sound and to be followed, though, as noted in those cases, there are some differing views. This Court would also emphasize as part of the rationale the provisions of 11 U.S.C. § 1322(b)(2), which affirmatively provide that a Chapter 13 debtor may, as part of a plan, modify the rights of a secured creditor. Any objections to such a modification, just like any other confirmation objections, were thus it appears contemplated and intended to be disposed of as part of the normal plan confirmation process within the contested matter procedures applicable to plan confirmation. Those include all of the necessary due process requirements, including notice, potential discovery, etc., available in a contested matter context, and, as such, satisfy the legal, practical, and other needs of the situation. Requiring an adversary proceeding would thus be a pointless and a useless, unnecessarily time consuming additional expense. Accordingly, these cases should proceed to confirmation.

**Signed on January 04, 2008**

                                                    **/s/ Walter Shapero**
                                                **Walter Shapero**
                                                **United States Bankruptcy Judge**